# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# GREAT FALLS DIVISION

| | |
|---|---|
| DOUGLAS PETERSON,<br><br>Plaintiff,<br><br>vs.<br><br>GEORGE ANDERSON, Sheriff;<br>DENNY BLAUER, Under-Sheriff;<br>and DEPUTIES (names<br>unknown–working at Teton County<br>Jail from October 26, 2006 through<br>January 9, 2007),<br><br>Defendants. | Cause No. CV 09-00021-GF-SEH-RKS<br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS OF UNITED STATES<br>MAGISTRATE JUDGE TO DENY DEFENDANTS'<br>MOTION TO DISMISS WITHOUT PREJUDICE |

Pending is Defendants Anderson and Blauer's Motion to Dismiss Plaintiff's civil rights Complaint for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act. (Document 9). In his response to the motion, Plaintiff requests the appointment of counsel.

ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DENY
DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE  – CV-09-00021-GF-SEH-RKS / PAGE 1

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 seeking to recover for an alleged denial of medical care, denial of personal hygiene items, and denial of showers while incarcerated at the Teton County Jail from October 26, 2006 through January 9, 2007. Accordingly, the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Defendants contend Plaintiff's response was untimely filed as it was due June 26, 2009 and Plaintiff did not sign his response until July 1, 2009. Plaintiff responded that he misunderstood the twenty-day response rule to not include weekends.[1] Given the short time the response was late, Plaintiff's explanation for his untimeliness, and the requirement pro se documents be construed liberally, the Court will consider Plaintiff's response.

## I. Standard of Review

"[T]he failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) (citing *Ritza v. Int'l*

---

[1] Plaintiff is incorrect in his calculations of time deadlines. Pursuant to Rule 6 of the Federal Rules of Civil Procedure, weekends and holidays are excluded from the calculation only when the period of time is less than 11 days. Pursuant to Local Rule 7.1(d)(1)(B), the response time for a motion to dismiss is 20 days. Therefore, weekends should have been included in the calculation.

Case 4:09-cv-00021-RKS   Document 16   Filed 11/02/09   Page 3 of 11

*Longshoremen's & Warehousemen's Union,* 837 F.2d 365, 368 (9th Cir. 1988)(per curiam)).  The failure to exhaust administrative remedies "should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment."  *Ritza*, 837 F.2d at 368-69.  In deciding a motion to dismiss for failure to exhaust, "the court may look beyond the pleadings and decide disputed issues of fact."  *Wyatt*, 315 F.3d at 1120.  Where a fact dispute exists concerning whether the plaintiff exhausted administrative remedies, "the court has a broad discretion as to the method to be used in resolving the factual dispute."  *Ritza*, 837 F.2d at 369 (quoting *Moore's Federal Practice* ¶ 56.03, at 56-61 (2d ed. 1987)).

Pro se documents should be liberally construed and pro se litigants afforded the benefit of any doubt.  *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct 2197, 2200 (2007) (per curiam); *Baker v. McNeil Island Corrections Ctr.*, 859 F.2d 124, 127 (9th Cir. 1988).

## II.  <u>Analysis</u>

Defendants move to dismiss Plaintiff's claims arguing he failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA").  The PLRA's exhaustion requirement states:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner

ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DENY DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE  – CV-09-00021-GF-SEH-RKS / PAGE 3

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); *see also* Porter v. Nussle, 534 U.S. 516, 524-25, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). This exhaustion requirement is mandatory. Booth, 532 U.S. at 741.

According to the Affidavit of Defendant Denny Blauer, the Teton County holding facility has maintained a Policy Manual since 1993 and inmates are informed of the Policy Manual as it relates to inmates and their detention. (Document 10-4: Blauer Affidavit, ¶ 4). The Policy Manual contains the following grievance policy:

> Any inmate may submit a complaint or grievance to the Jail Administrator, in writing, concerning the operation of the jail facility or conditions of their confinement.
> (1) Minor grievances will be considered and, if possible, corrections will be made.
> (2) Grievances which are not workable to the satisfaction of the complaining inmate shall cause that inmate to be transferred to another jail facility.

(Document 10-1: Policy Manual, Policy 12.17.1, pp. 14-15).

Defendant Blauer testified by affidavit that a review of the jail file reflects Plaintiff did not submit any written complaint or grievance to anyone during his

stay at the facility concerning the conditions of his confinement, as required by the grievance process. (Document 10-4: Blauer Affidavit, ¶ 9).

Plaintiff responded that while he was incarcerated at the Teton County Jail there was never a policy manual issued to him, he made repeated attempts to resolve the alleged deprivations but was told the jail was not set up to house inmates for more than three days at a time. Additionally, he states the jail had no stationary supplies for the inmates. He states when he attempted to inform the responsible individuals he was "give lip service" by the only individuals with whom he had contact.

In his reply, Plaintiff clarifies that there was no inmate manual describing the appropriate venue for resolution of inmate grievances. He states when he was at the jail there was no posted grievance policy in place.

Plaintiff was required to "complete the administrative review process in accordance with the applicable procedure rules, including deadlines, as a precondition to bringing suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 88, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). But Plaintiff could not comply with a grievance procedure he did not, as he contends, know existed and was not even given the materials to submit a written grievance. *See Marella v. Terhune*, 568

ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DENY DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE – CV-09-00021-GF-SEH-RKS / PAGE 5

F.3d 1024 (9th Cir. 2009) (error to dismiss for non-exhaustion when plaintiff's first level appeal was untimely because he had no access to grievance forms and he did not file second level appeal because an administrator informed him that the grievance process was unavailable to him).

It is well established that prison officials may not render the administrative appeals process unavailable and then take advantage of a prisoner's failure to complete the process. The jail cannot rely on a policy which was not presented to Plaintiff and for which they did not provide him proper materials to follow. *See, e.g.*, Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) ("an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it."). S*ee also* Ngo v. Woodford, 539 F.3d 1108, 1110 (9th Cir. 2008) (possible exceptions to the PLRA exhaustion requirement include when administrative procedures are unavailable and when prison officials obstruct a prisoner's attempt to exhaust); Brown v. Valoff, 422 F.3d 926, 935 ("The obligation to exhaust 'available' remedies persists as long as some remedy remains 'available.'").

Given Plaintiff's testimony that he was not made aware of any grievance procedure and was not provided writing materials for submitting a written

grievance, this Court cannot find, as a matter of law, that Plaintiff failed to exhaust available administrative remedies. A question of fact remains on this issue, it cannot be determined on the current record.

## III. Motion for Appointment of Counsel

There is no constitutional right to appointed counsel in a claim under 42 U.S.C. § 1983. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn on other grounds*, 154 F.3d 952, 962 (9th Cir. 1998). 28 U.S.C.§ 1915 only allows the Court to "request" counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. §1915(e)(1). The Court cannot make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989).

Therefore, the Court may request counsel to represent an indigent litigant under 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)) only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision.

*Id.* (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted) (§ 1983 action)); *see also Smith-Bey v. Hospital Adm'r*, 841 F.2d 751, 760 (7th Cir. 1988) (Bivens action).

    Plaintiff indicates he needs another prisoner to be a witness in this case and therefore needs counsel to assist him. This is an insufficient basis upon which to appoint counsel. Although Plaintiff contends he is not in a position to litigate this matter, pro se litigants are rarely in a position to research and investigate facts easily. This alone does not deem a case complex. *See Wilborn*, 789 F.2d at 1331. Similarly, factual disputes and anticipated examination of witnesses at trial does not warrant the finding of exceptional circumstances supporting an appointment of counsel. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (holding that even though the appellant "may well have fared better-particularly in the realms of discovery and the securing of expert testimony-but this is not the test."), overruled on other grounds, *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998)(en banc).

    In determining whether an indigent pro se litigant should receive counsel, an assessment of that litigant's performance in the case may be considered as evidence that he has some ability to navigate in the legal proceedings. *See Plummer v. Grimes*, 87 F.3d 1032, 1033 (9th Cir. 1996)). In the instant case,

Plaintiff has demonstrated the ability to articulate his position, conduct legal research, and comprehend this Court's instructions.  The motion will be denied.

Accordingly, the Court issues the following:

### ORDER

1.  Plaintiff's Motion for Appointment of Counsel (Document 13) is **DENIED**.

2.  Pursuant to Fed.R.Civ.P. 12(a)(4)(A), Defendants' Answer shall be served within 10 days of the date of service of this Order as indicated on the Notice of Electronic Filing.

3.  At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date, except if Plaintiff has been released from custody, the notice should so indicate.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to [Fed.R.Civ.P. 41(b)](Fed.R.Civ.P. 41(b)).

Further, the Court issues the following:

### RECOMMENDATION

Defendants' Motion to Dismiss (Document 9) should be **DENIED WITHOUT PREJUDICE.**

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to [28 U.S.C. § 636(b)(1)](), the parties may serve and file written objections to these Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. [*Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991)]().

These Findings and Recommendations are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.Civ.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 2nd day of November, 2009.

>  /s/ Keith Strong
>  Keith Strong
>  United States Magistrate Judge