IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| DOUGLAS PETERSON,<br><br>Plaintiff,<br><br>vs.<br><br>GEORGE ANDERSON, Sheriff; DENNY BLAUER, Under-Sheriff; and DEPUTIES (names unknown–working at Teton County Jail from October 26, 2006 through January 9, 2007),<br><br>Defendants. | Cause No. CV 09-00021-GF-SEH-RKS<br><br>ORDER DENYING MOTION FOR COUNSEL AND MOTION TO COMPEL |

Pending is Plaintiff Douglas Peterson's Motion for Counsel (Court Doc. 23) and a letter to the Clerk of Court stating he has not received all "discoveries" from Teton County (Court Doc. 24) which was filed as a Motion to Compel. Although Defendants have not had an opportunity to respond to these motions, the Court deems it appropriate to issue an immediate ruling denying these motions.

ORDER DENYING MOTION FOR COUNSEL AND MOTION TO COMPEL–
CV-09-000021-GF-SEH-RKS / PAGE 1

With regard to Mr. Peterson's Motion for Counsel, the Court notes this is Mr. Peterson's second such motion.  His first motion was filed in response to Defendants' Motion to Dismiss and denied on November 2, 2009.  (Court Docs. 13 and 16).

Mr. Peterson's latest motion for counsel is insufficient to demonstrate the "exceptional circumstances" necessary for the Court to request counsel to represent Mr. Peterson.  *See* [Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991)](#).  The motion will be denied.

In his letter to the Clerk of Court, Mr. Peterson states, "I have not received all the discoveries, specifically from Teton County, which the defendants were ordered to get.  I assume that I was to receive all the discoveries by April 28, 2010 per the scheduling order."  (Court Doc. 24).  Mr. Peterson may be referring to discovery requests which he sent to the Defendants and to which the Defendants failed to respond.  Defendants were under no obligation to produce discovery, see Local Rule 16.2(a)(3),  without a written request from Mr. Peterson pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure, copies of

which were provided to Mr. Peterson with the Scheduling Order. (Court Doc. 18).

Mr. Peterson's letter/motion is improper. As a letter, it is improper in that it seeks legal advice from the Clerk of Court's Office, something they cannot provide.

Liberally construing Mr. Peterson's letter as a motion, it is improper in that it fails to comply with Court rules. Mr. Peterson was provided a copy of all pertinent Federal and Local Rules (C.D. 18), including Local Rule 26.3(c) which requires all motions to compel discovery to set forth, in full, the discovery sought. In addition, Local Rules 7.1(c)(1) and 26.3(c)(2) and Federal Rule of Civil Procedure 37(a)(1) require the parties to confer concerning discovery issues prior to filing motions to compel.

Mr. Peterson failed to comply with these rules. As such, the Court cannot determine what discovery he is seeking and to the extent Mr. Peterson's letter could be construed as a motion to compel it will be denied.

Accordingly, the Court issues the following:

## ORDER

1. Mr. Peterson's Motion for Appointment of Counsel (Court Doc. 23) is **DENIED**.

2. Mr. Peterson's Motion to Compel (Court Doc. 24) is **DENIED**.

3. At all times during the pendency of this action, Mr. Peterson SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date, except if Mr. Peterson has been released from custody, the notice should so indicate.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to [Fed.R.Civ.P. 41(b)](Fed.R.Civ.P. 41(b)).

DATED this 17th day of May, 2010.

>  /s/ Keith Strong
>  Keith Strong
>  United States Magistrate Judge