# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# GREAT FALLS DIVISION

| | |
|---|---|
| DOUGLAS PETERSON,<br><br>    Plaintiff,<br><br>  vs.<br><br>GEORGE ANDERSON, Sheriff;<br>DENNY BLAUER, Under-<br>Sheriff; and DEPUTIES (names<br>unknown–working at Teton<br>County Jail from October 26,<br>2006 through January 9, 2007),<br><br>    Defendants. | Cause No. CV 09-00021-GF-RKS<br><br><br><br>ORDER GRANTING DEFENDANTS' MOTION<br>FOR SUMMARY JUDGMENT |

This matter is pending on Defendants' Motion for Summary

Judgment (Court Doc. 26).  Pursuant to 28 U.S.C. § 636(c)(1), the

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT–
CV 09-00021-GF-RKS / PAGE 1

parties have consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment. (Court Doc. 21). This matter was reassigned to the undersigned on January 4, 2010. (Court Doc. 22).

## I.   STATEMENT OF THE CASE

### A.   Jurisdiction

Mr. Peterson filed this action pursuant to 42 U.S.C. § 1983 seeking to recover for an alleged denial of medical care, denial of personal hygiene items, and denial of showers while incarcerated at the Teton County Jail. Accordingly, the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

### B.   Parties

Mr. Peterson is a state prisoner incarcerated at Crossroads Correctional Center in Shelby, Montana. Mr. Peterson is representing himself in this matter.

In his Complaint, Mr. Peterson named George Anderson, Sheriff; Denny Blauer, Under-sheriff; and Deputies (names unknown–working at Teton County Jail from October 26, 2006 through January 9, 2007).

Defendants Anderson and Blauer returned a waiver of service on April 28, 2009.  The unnamed deputies have never been named by Mr. Peterson and never served.  The Court's December 2, 2009 Scheduling Order required all pleadings to be amended by February 5, 2010.  Mr. Peterson did not comply with that deadline and never named the unknown deputy defendants.  As those individuals have not been named and or served, they will be dismissed without prejudice.

### C.    Allegations in Complaint

Mr. Peterson alleges Defendants Anderson and Blauer were deliberately indifferent to his serious medical needs when they withheld permission for him to visit a doctor between October 20, 2006 and October 24, 2006 while he was held at the Pondera County Jail.

On October 26, 2006, Mr. Peterson was returned to the Teton County Jail where he was incarcerated from October 26, 2006 until January 9, 2007.  During this time, he alleges Defendants Anderson and Blauer denied him all oral hygiene items such as a toothbrush, toothpaste, and dental floss.  He also contends Defendants denied Mr. Peterson showers for weeks at a time.  Mr. Peterson contends between

October 26, 2006 and January 9, 2007 he was only allowed nine showers.  He was completely denied a shower from October 26, 2006 until November 11, 2006, a period of sixteen days.

## II.    MOTION FOR SUMMARY JUDGMENT STANDARD

A party is entitled to summary judgment if they demonstrate "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgment is appropriate where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

The party seeking summary judgment bears the initial burden of setting forth the basis of the motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Where the moving party meets this burden, the party opposing the motion "may not rest upon the mere allegations or denials of his

pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. The non-moving party may do this by use of affidavits (including his own), depositions, answers to interrogatories, and admissions.

A plaintiff "must produce at least some 'significant probative evidence tending to support the complaint.'" *Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)*(citations omitted). Only disputes over facts that might affect the outcome of the suit under the governing law are "material" and will properly preclude entry of summary judgment. *Anderson*, 477 U.S. at 248. At the summary judgment stage, the Court does not weigh the evidence or determine the truth of the matter, but ascertains whether there is a genuine issue for trial. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson, 477 U.S. at 249-50*.

> The mere existence of a scintilla of evidence in support of
> the [non-moving party's] position will be insufficient; there
> must be evidence on which the jury could reasonably find for
> the [non-moving party]. The judge's inquiry, therefore,
> unavoidably asks whether reasonable jurors could find by a

preponderance of the evidence that the plaintiff is entitled to a verdict.

*Anderson*, 477 U.S. at 252.

Additionally, "[a] document filed pro se is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam); Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

"A verified complaint may be used as an opposing affidavit under Rule 56." Schroeder v. McDonald, 55 F.3d 454, 460 (9th Cir. 1995) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)). "To function as an opposing affidavit, however, the verified complaint must be based on personal knowledge and set forth specific facts admissible in evidence." Id. (citing Fed.R.Civ.P. 56(e); McElyea, 833 F.2d at 197; Lew v. Kona Hosp., 754 F.2d 1420, 1423 (9th Cir. 1985)).

## III.  UNDISPUTED FACTS

Mr. Peterson was booked into the Teton County holding facility on

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT–
CV 09-00021-GF-RKS / PAGE 6

June 28, 2006. (Court Doc. 28-1: Denny Blauer Affidavit; Court Doc. 28-2: Teton County holding facility documents).

On June 29, 2006, Mr. Peterson was transported to the Pondera County Detention Center in Conrad, Montana. (Court Doc. 28-4: Pondera County Detention Center documents, p. 2). Mr. Peterson was housed at Pondera County Detention Center from June 29, 2006 through October 24, 2006 but he remained the responsibility of Teton County. (Court Doc. 28-1: Blauer Affidavit). The Teton County Sheriff and Undersheriff would have been aware of medical care requested by Mr. Peterson while at the Pondera County Detention Center. (Court Doc. 28-1: Blauer Affidavit; Court Doc. 28-8: Anderson Affidavit).

On July 24, 2006, Mr. Peterson completed an inmate request form on which he stated he needed to see a dentist because a filling fell out. (Court Doc. 28-4: Pondera County Records, p. 4). Mr. Peterson was returned to Teton County and taken to David Selander, D.D.S., on July 31, 2006. (Court Doc. 28-3: Teton County prisoner history, p. 1; Court Doc. 28-4: Pondera County prisoner history, p. 8; Court Doc. 28-5: Dr. Selander's records, pp. 1-4; Court Doc. 28-6: Dr. David Selander

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT–
CV 09-00021-GF-RKS / PAGE 7

Affidavit).  According to Dr. Selander, Mr. Peterson had a high level of dental decay and two teeth were extracted during that visit. (Court Doc. 28-5:  Dr. Selander's records, pp. 3-4; Court Doc. 28-6:  Dr. David Selander Affidavit).

Mr. Peterson was examined by a physician in Conrad on October 18, 2006 because he complained of symptoms relating to his gout condition.  He was treated and released.  (Court Doc. 28-4, Pondera county prisoner history, p. 11; Court Doc. 28-9, PMC Clinic medical records, pp. 1-10).

Mr. Peterson contends that on October 20, 2006, the medication the doctor had prescribed was not working and he requested to go back to the doctor.  He contends Teton County refused the authorization. (Court Doc. 2:  Complaint, p. 2; Court Doc. 32:  Mr. Peterson's Response, p. 1).  Pondera County Sheriff's Office prisoner history for Mr. Peterson does not indicate Mr. Peterson made a medical request on October 20, 2006.  (Court Doc. 28-4:  Pondera County records, pp. 12-13).  Teton County was not notified of a request for medical care by Mr. Peterson on October 20, 2006.  (Court Doc. 28-1:  Blauer Affidavit, p. 2,

¶ 17; Court Doc. 28-8:  Anderson Affidavit, p. 2, ¶ 15).

On October 23, 2006, Mr. Peterson had complaints of health issues and he would not eat or get out of bed.  On October 24, 2006, Pondera County Detention Center personnel requested that Mr. Peterson be removed from their facility.  (Court Doc. 28-1:  Blauer Affidavit, p. 3, ¶ 21; Court Doc. 28-4:  Pondera County records, p. 15).

On October 24, 2006, Teton County Ambulance Service personnel and Defendant Undersheriff Denny Blauer traveled to Conrad to pick up Mr. Peterson from the Pondera County Detention Center.  Mr. Peterson was taken to the Teton Medical Center, where he was admitted for two days.  Mr. Peterson was complaining of dehydration and knee pain, and was admitted for care of acute gout anthropopathy and to rehydrate. (Court Doc. 28-1:  Blauer Affidavit, p. 3, ¶¶ 23-24; Court Doc. 28-11:  Teton Medical Center documents, pp. 2-7; Court Doc. 28-10:  Teton Ambulance Service Records).

On October 26, 2006, Mr. Peterson was released from the hospital and readmitted to the Teton County holding facility. (Court Doc. 28-11: Teton Medical Center records, p. 4).

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT–
CV 09-00021-GF-RKS / PAGE 9

Mr. Peterson states all his requests for showers and hygiene items were made verbally to the deputies.  (Court Doc. 32:  Mr. Peterson's Response, p. 2).  Mr. Peterson did not tell Sheriff Anderson or Undersheriff Blauer that he was not receiving showers or oral hygiene items.  (Court Doc. 28-8:  Anderson Affidavit, p. 1, ¶ 3; Court Doc. 28-1:  Blauer Affidavit, p. 1, ¶ 5).  Sheriff Anderson and Undersheriff Blauer were not informed by any other staff that they received complaints from Mr. Peterson regarding not receiving showers or oral hygiene items.  (Court Doc. 28-8:  Anderson Affidavit, p. 1, ¶ 3; Court Doc. 28-1:  Blauer Affidavit, p. 1, ¶ 5).  Mr. Peterson did not file written complaints or grievances relating to a lack of toothpaste or a toothbrush. (Court Docs. 28-1, 28-8, 28-12 through 28-17).

Mr. Peterson was transferred to the Toole County Detention Center on January 11, 2007.  (Court Doc. 23-1:  Blauer Affidavit; Court Doc. 28-8:  Anderson Affidavit).

## IV.  ANALYSIS

Section 1983 imposes liability upon state actors only when their personal conduct violates a plaintiff's constitutional rights.  Monell v.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT–
CV 09-00021-GF-RKS / PAGE 10

Department of Social Services, 436 U.S. 658, 691-94, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  Section 1983 will not impose liability on supervising officers (such as Sheriff Anderson and Undersheriff Blauer) under a respondeat superior theory of liability.  Monell, 436 U.S. at 691-94.  That is, defendants will not be held liable just because they oversee the Teton County Jail.  Instead, supervising officers can be held liable under section 1983 "only if they play an affirmative part in the alleged deprivation of constitutional rights."  King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987).  The Ninth Circuit has identified four general situations in which supervisory liability may be imposed:

> (1) for setting in motion a series of acts by others, or knowingly refusing to terminate a series of acts by others, which they knew or reasonably should have known would cause others to inflict constitutional injury; (2) for culpable action or inaction in training, supervision, or control of subordinates; (3) for acquiescence in the constitutional deprivation by subordinates; or (4) for conduct that shows a reckless or callous indifference to the rights of others.

al-Kidd v. Ashcroft, 580 F.3d 949, 965 (9th Cir. 2009) (citing Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991)).

Mr. Peterson has no evidence that his complaints of pain on

October 20, 2006 were communicated from the Pondera County Jail staff to Defendants Anderson or Blauer.  The undisputed testimony is that Defendants were not notified of a request for medical care by Mr. Peterson on October 20, 2006.  (Court Doc. 28-1:  Blauer Affidavit, p. 2, ¶ 17; Court Doc. 28-8:  Anderson Affidavit, p. 2, ¶ 15).  Mr. Peterson submitted no admissible evidence to support his contention that Teton County was informed of his condition on October 20, 2006 and then withheld permission for Mr. Peterson to go to the doctor for four days. Accordingly, the denial of medical care claims arising between October 20, 2006 and October 24, 2006 will be dismissed.

Similarly, Mr. Peterson's claims of denial of personal hygiene items and showers between October 26, 2006 and January 11, 2007 also fail.  Mr. Peterson admits his complaints regarding hygiene items and showers were all verbally made to unnamed deputies.  He presents no evidence that Defendants Anderson or Blauer were ever personally made aware of his issues.  Defendants Anderson and Blauer have presented undisputed testimony that Mr. Peterson never complained to them that he was not receiving showers or hygiene items and they were

not informed by any other staff that Mr. Peterson had any such complaints.  As Mr. Peterson has failed to present any evidence demonstrating the personal participation of Defendants Anderson and Blauer in his alleged deprivations of constitutional rights, summary judgment will also be granted on these claims.

## V.  CONCLUSION

Mr. Peterson has failed to present sufficient evidence to support his claims against Defendants Anderson and Blauer and he failed to name the deputies working at the Teton County Jail from October 26, 2006 to January 9, 2007.  Therefore, Defendants' Motion for Summary Judgment will be granted and this case will be dismissed.

### A.    Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

[A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>     (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in

writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).  A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous."  *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445).  For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).  "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit."  *Walker v. O'Brien*, 216 F.3d 626, 631 (9th Cir. 2000).

Mr. Peterson has, as a matter of law, failed to produce sufficient evidence to prove his claims.  As such, the Court should certify that any appeal of this matter would not be taken in good faith.

## B. Address Changes

At all times during the pendency of this action, Mr. Peterson SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date, except if Mr. Peterson has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based on the foregoing, the Court issues the following:

## ORDER

1.  Defendants' Motion for Summary Judgment (Court Doc. 26) is **GRANTED**.

2.  The unnamed deputies working at Teton County Jail from October 26, 2006 through January 9, 2007 are **DISMISSED WITHOUT PREJUDICE**.

3.  The Clerk of Court is directed to enter judgment in favor of

Defendants Anderson and Blauer and close this case.

4.  The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  Mr. Peterson failed to produce sufficient evidence to support his claims and as such no reasonable person could suppose that an appeal would have merit.


DATED this 27th day of August, 2010.


 /s/ Keith Strong
Keith Strong
United States Magistrate Judge