# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## GREAT FALLS DIVISION

| | |
|---|---|
| DOUGLAS PETERSON,<br><br>      Plaintiff,<br><br>   vs.<br><br>GEORGE ANDERSON, Sheriff;<br>DENNY BLAUER, Under-<br>Sheriff; and DEPUTIES (names<br>unknown–working at Teton<br>County Jail from October 26,<br>2006 through January 9, 2007),<br><br>      Defendants. | Cause No. CV 09-00021-GF–RKS<br><br><br>ORDER DENYING PETITION FOR<br>REHEARING |

Pending is Plaintiff Douglas Peterson's Petition for Rehearing. (C.D. 37).  Defendants did not file a response.  A final Order and Judgment were entered August 27, 2010.  (C.D. 35 and 36).  Plaintiff signed his petition September 24, 2010.

As a final Order has been issued, the Court construes the Petition as a motion filed pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure.  Rule 59(e) provides that a motion to alter or amend a judgment must be filed no later than 28 days after the entry of

ORDER DENYING PETITION FOR REHEARING–CV-09-21-GF-SEH-RKS / PAGE 1

judgment.  Therefore, Plaintiff needed to have filed his [Rule 59](#) motion on or before September 24, 2010.  He did not.

Moreover, under Rule 59(e), a district court may, in its discretion, alter or amend a judgment if "the district court committed clear error or made an initial decision that was manifestly unjust."  *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).  "A motion for reconsideration under Rule 59(e) 'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.' "  *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999)(en banc) *quoting 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)(citation omitted).  Federal district courts enjoy broad discretion to amend or refuse to amend judgments under Rule 59(e). *McDowell*, 197 F.3d at 1256 (citation omitted).

Rule 60(b) provides for reconsideration where one or more of the following is shown:  (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence

could not have been discovered before the time to move for a new trial under Rule 59; (3) fraud by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason justifying relief.  Fed.R.Civ.P. 60(b).  Although couched in broad terms, subparagraph (6) requires a showing that the grounds justifying relief are extraordinary.  *Twentieth Century--Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).

Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court.  *Dunnahoo*, 637 F.2d at 1341.

Plaintiff's petition simply reargues several of the points raised in his response to Defendants' Motion.  Plaintiff has not presented new evidence, he has not demonstrated that the Court committed clear error in its ruling, there has been no change in the law and none of the reasons set forth in Rule 60(b) are applicable.  The Court's Order of Dismissal stands and this matter is closed.  The Court will not consider any further motions by Plaintiff.

ORDER DENYING PETITION FOR REHEARING–CV-09-21-GF-SEH-RKS / PAGE 3

Accordingly, IT IS HEREBY ORDERED THAT Plaintiff's Petition for Rehearing (C.D. 37) is denied.


DATED this 1st day of November, 2010.


/s/ *Keith Strong*
Keith Strong
United States Magistrate Judge

ORDER DENYING PETITION FOR REHEARING–CV-09-21-GF-SEH-RKS / PAGE 4